# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs August 7, 2012

## STATE OF TENNESSEE v. CHRISTOPHER WAYNE LEE

**Direct Appeal from the Circuit Court for Dyer County**
**Nos. 09-CR-357, 10-CR-74A      R. Lee Moore, Jr., Judge**

_____

**No. W2012-00277-CCA-R3-CD  - Filed November 19, 2012**

_____

The appellant, Christopher Wayne Lee, appeals the Dyer County Circuit Court's revoking his probation for robbery and burglary and ordering him to serve his sentences in confinement.  Based upon the record and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed**.

NORMA MCGEE OGLE, J., delivered the opinion of the Court, in which THOMAS T. WOODALL, and ROGER A. PAGE, JJ., joined.

James E. Lanier and Cristy Charlene Cooper, Dyersburg, Tennessee, for the appellant, Christopher Wayne Lee.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General; C. Phillip Bivens, District Attorney General; and Karen Burns, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I.  Factual Background

In October 2009, the Dyer County Grand Jury indicted the appellant for aggravated robbery.  In April 2010, the grand jury indicted him for burglary, theft of property valued one thousand dollars or more but less than ten thousand dollars, and misdemeanor theft.  The following month, the appellant pled guilty to one count of robbery, a Class C felony, and one count of burglary, a Class D felony.  Pursuant to the plea agreement, the appellant received a three-year sentence for the robbery conviction to be served as six months in the Dyer County Jail and the remainder on probation.  For the burglary conviction, the appellant

received a three-year sentence to be served on probation. The sentences were to be served consecutively. Thereafter, the trial court issued a probation violation warrant.

At the appellant's probation revocation hearing, Geri Lumley, his probation officer, testified that she began supervising him in 2010. On August 16, 2011, Lumley filed a probation violation report because the appellant failed to provide proof of employment or proof of job searches, repeatedly failed to report to her as scheduled, tested positive for marijuana numerous times, and failed to pay probation fees and court costs. On October 17, 2011, Lumley filed a second probation violation report because the appellant left Tennessee without her permission. She said that she talked with him on the telephone and that he told her he was working in Arkansas. Lumley said that after the appellant failed his third drug test but before she filed the first probation violation report, he agreed to receive drug counseling. However, the appellant attended one counseling session and told Lumley he was cured. Lumley advised the appellant to complete the course, but he told her that he no longer had a drug problem.

On cross-examination, Lumley testified that the nineteen-year-old appellant would not keep his appointments with her and "would show up whenever he felt like it." She acknowledged that after he was arrested for the probation violations, he began meeting with her again. The appellant claimed to be doing construction work but never gave Lumley the address of a job site, so she could not verify his employment. Lumley told the appellant that he needed to obtain his GED and "try to get back on the right track." The appellant was supposed to attend drug counseling sessions at Here's Hope four times per week, but he only attended one time.

The appellant testified that he worked for several different construction companies while he was on probation, that he forgot to provide proof of his employment to Lumley, and that his mother could verify his employment. The appellant acknowledged that he had an addiction to marijuana. He said that he asked Lumley about signing himself into a rehabilitation facility but that "she told me I couldn't do that." He stated that he attended the Here's Hope program "for a little while" but that he quit attending because he "started going through some problems" and "had a relapse." He said that he did not report to Lumley as scheduled because he was working but that he telephoned her secretary and rescheduled his appointments. The appellant paid the probation office for some of his probation fees but never paid anything toward his court costs.

On cross-examination, the appellant denied going to Arkansas and said he lied to Lumley about being there because he did not want to get caught and go to jail. He said that attending rehabilitation for his drug problem would have helped him and that he wanted to "better" himself.

The trial court stated that the appellant had "totally disregarded anything on probation" and that the appellant had "just done what [he] wanted to do." The court concluded that the appellant failed to present proof of employment or that he was seeking employment and that he failed to report to his probation officer. The trial court also concluded that the appellant had tested positive for marijuana, that he continued to use the drug, and that he refused to get help for his addiction. The trial court stated that the appellant had "done nothing but violate [his] probation." The court revoked the appellant's probation and ordered that he serve his original sentences in confinement with credit for time served.

**Analysis**

The appellant concedes that he violated his probation but argues that the trial court abused its discretion by revoking his probation because he was only nineteen years old, lacked a high school diploma or job skills, missed only one month of meeting with his probation officer before she filed the original probation violation report, and needed in-patient rehabilitation. The State contends that the trial court did not abuse its discretion. We agree with the State.

Upon finding by a preponderance of the evidence that the appellant has violated the terms of his probation, a trial court is authorized to order an appellant to serve the balance of his original sentence in confinement. See Tenn. Code Ann. §§ 40-35-310 and -311(e). Furthermore, probation revocation rests in the sound discretion of the trial court and will not be overturned by this court absent an abuse of that discretion. State v. Leach, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995). "A trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party." State v. Phelps, 329 S.W.3d 436, 443 (Tenn. 2010).

The appellant concedes that he violated the terms of his probation. Clearly, the trial court did not abuse its discretion by revoking his probation and had the authority to order him to serve his original sentences in confinement.

**III. Conclusion**

Based upon the record and the parties' briefs, we affirm the judgment of the trial court.

_____
NORMA McGEE OGLE, JUDGE